IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| YASMINE CALHOURN </br></br> Plaintiffs, </br></br> vs. </br></br> HUDSON COUNTY; STEVE KRYWINSKI, individually and in his Official Capacity as Director of the Hudson County Consumer Protection Agency, ESSEX COUNTY MEDICAL EXAMINER'S OFFICE, HOLY SEPULCHRE CEMETERY; LEVANDOSKI-GRILLO FUNERAL HOME & CREMATION SERVICE, HOLY SEPULCHRE CEMETERY, JOHN DOES 1-5 AND ABC GROUPS 1-5 (Fictitiously named defendants). </br></br> Defendants. | Civil Action No. </br></br> COMPLAINT AND JURY DEMAND |

The Plaintiff, Yasmine Calhoun, by way of complaint against the Defendants states:

**PARTIES:**

1. At all times relevant herein, the Plaintiff, Yasmine Calhoun, resides at 104 Commonwealth Drive Bethlehem, Pennsylvania 18020.

2. The Plaintiff, Yasmine Calhoun, is the biological daughter of decedent, Yvonne Thomas, who passed away on March 3, 2020 in Jersey City, New Jersey.

3. The Defendant, the Essex County Medical Examiner Office, is state entity organized under the law of New Jersey and at all relevant times had a principal place of business located at 325 Norfolk St, Newark, New Jersey 07103 and a telephone number of (973) 548-4500.

4. The Defendant, County of Hudson, is a state entity organized under the law of New Jersey and at all relevant times had a principal place of business located at the Administration Building Annex, 567 Pavonia Avenue, Jersey City, New Jersey 07305 and a telephone number of (201) 795-6100.

5. The Defendant, Steve Krywinski, was at all times a resident of the State of New Jersey and served as a Director at the Hudson County Consumer Protection Agency.

6. The Defendant, Levandoski-Grillo Funeral Home & Cremation Service, is a business organized under the laws of the State of New Jersey and at all relevant times had a principal place of business located at 44 Bay Avenue Bloomfield, New Jersey 07003 and a telephone number of (973) 743-6969.

7. The Defendant, Holy Sepulchre Cemetery, is a business organized under the laws of the State of New Jersey and at all relevant times had a principal place of business located at 125 Central Ave, East Orange, New Jersey and a telephone number of (973) 678-3757.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the

actions and omissions giving rise to the allegations in the complaint occurred in the District of New Jersey, and the defendants' business addresses and/or home addresses are located within the District of New Jersey.

## FACTUAL ALLEGATIONS

1. The Plaintiff's beloved mother, Yvonne Thomas, passed away on March 2, 2020 at the Jersey City Medical Center.

2. On or about March 2, 2020, the Jersey City Medical Center sent Ms. Thomas' body to the Defendant, the Essex County Medical Examiner's Office.

3. On or about April 16, 2020, the family tried to file a missing person's report.

4. The police later advised the family that Ms. Thomas passed away on March 2, 2020.

5. The family contacted to the Defendant, the Essex County Medical Examiner's Office, at telephone number (973) 648-4500.

6. The Defendant, the Essex County Medical Examiner's Office, told the family that Ms. Thomas was listed as a "Jane Doe" but that her identity was confirmed through fingerprints.

7. The Defendant, the Essex County Medical Examiner's Office, instructed the family to make funeral arrangements and to have the funeral parlor pick up the body.

8. The Defendant, the Essex County Medical Examiner's Office, provided the family with Case # 09200246.

9. The family subsequently contacted Watson Funeral Home in Jersey City, New Jersey to make funeral arrangements. Watson advised the family that it was experiencing an increased workload due to COVID-19. Watson scheduled the family for an appointment to meet with the funeral director.

10. The family subsequently spoke to the Defendant, the Essex County Medical Examiner's Office, several times and advised its agents or employees that they were waiting for an appointment with Watson who was experiences delays due to COVID-19.

11. At one point, the Defendant, the Essex County Medical Examiner's Office, told the family that Ms. Thomas' body was moved to a temporary morgue, and the Defendant could not provide them with address and phone number to the morgue. The Defendant, the Essex County Medical Examiner's Office, agreed to call the family back but never did.

12. The family called the defendant, Essex County Medical Examiners, back. At this time, the family was told that the body was still there, and that no one had picked it up.

13. The family subsequently appeared for an appointment with Watson Funeral Services.

14. On or about April 25, 2020, Watson attempted to pick up the body from the Defendant, Essex County Medical Examiner's Office, and was told that the body had already been buried.

15. The family subsequently learned that on April 24, 2020, Levandoski- Grillo Funeral Home located at 44 Bay Ave, Bloomfield, New Jersey prepared the body for burial.

16. The body was never notified, and the body was not made available for a funeral service.

17. The family also learned that the body was buried at Holy Sepulchre Cemetery, 125 Central Ave, East Orange, New Jersey.

18. The family was never notified, and the family was not provided an opportunity to attend the burial.

19. The body is currently located at Holy Sepulchre Cemetery Grave Section 4 Tier H 84A.

20. There is another body on top of Ms. Thomas' body.

21. Plaintiff wanted Watson to provide funeral services and for her mother to be buried at Bayview Cemetery, Jersey City, NJ, Grave: 71 Raw Dunaway, Section Ege Wood.

22. The family learned that Defendant, Hudson County, authorized the Essex County Medical Examiner's Office to send the body to defendant, Levandoski- Grillo Funeral Home, to prepare it for burial and for defendant, Holy Sepulchre Cemetery, to bury the body.

23. From information and belief, the decision was made by Defendant, Steve Krywinski, who served as Director of the Hudson County Consumer Protection Agency.

24. The family spoke to defendant, Steve Krywinski.

25. He refused to move the body.

26. He told the family that he needed to investigate and that he would call them family back.

27. Neither defendant, Steve Krywinski, nor any other representative from Hudson County called the family back.

## CAUS E OF ACTION

### NEGLIGENT HANDLING OF THE REMAINS

1. The Plaintiff repeats and reiterates each allegation contained in each Paragraph above as if fully set forth herein.

2. At all relevant times, Plaintiff was the biological daughter of the decedent and next of kin to the decedent.

3. At all relevant times, Plaintiff, as a surviving next of kin of the decedent, had the right to possession of the remains of the decedent.

4. At all relevant times, Plaintiff, as the surviving next of kin of the decedent, possessed all rights and privileges regarding the custody and disposal of decedent's remains.

5. At all relevant times, Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office;  Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -15 (Fictitiously named defendants); their agents, servants, employees and/or contractors interfered with Plaintiff's right to make funeral arrangements for her mother and to attend a funeral services and burial.

6. At all relevant times, Plaintiff wanted the remains of her deceased mother to be properly interred with dignity and respect.

7. On or about April 24, 2020, the Defendant, Essex County Medical Examiner's Officer, allowed the body to be removed to Levandoski- Grillo Funeral without Plaintiff's consent or approval and against her wishes.

8. On or about April 24, 2020, Defendant, Levandoski- Grillo Funeral, accepted the body and performed services on the body without providing notice to the Plaintiff and without her approval.

9. On or about April 24, 2020, Defendant, Holy Sepulchre Cemetery, took possession of the body and buried the decedent without providing notice to the Plaintiff and without her approval.

10. The Defendants, Hudson County and Steve Krywinski, authorized decedent's body to be moved to Defendant, Levandoski- Grillo Funeral, to prepare it for burial and for Defendant, Holy Sepulchre Cemeter, to bury the body without providing notice to the Plaintiff and without her approval.

11. Plaintiff was not afforded an opportunity to select a funeral home, cemetery or to attend her own mother's funeral and burial service.

12. Plaintiff wanted Watson Funeral Services to make the funeral arrangements and for her mother to be buried at Bayview Cemetery in Jersey City.

13. Plaintiff was not present at graveside because she was never informed about the burial.

14. By reason of the foregoing, Plaintiff's right to have the remains of her deceased relative properly interred with dignity and respect was interfered with by Defendants.

15. As a result of proximate cause of Defendants' negligence, Plaintiff was caused to suffer the severe personal and emotional injuries as set forth in this Complaint.

16. Defendants also interfered with Plaintiff's right of possession of decedent's remains, and were otherwise careless, negligent and reckless.

17. As a result of the foregoing, each Plaintiff sustained injuries and damages including great mental pain, severe anguish, distress of mind, nervous shock, and the impairment of peace and happiness.

18. The negligent actions by Defendants, as set forth in this Complaint, were the proximate cause of Plaintiff's injuries and damages.

19. The injuries and damages suffered by Plaintiffs were caused in whole or in part by the negligence, carelessness and recklessness of Defendants, its agents, servants, employees, and/or contractors, John Does 1-5 and ABC Corporations 1-5 (fictitiously named defendants) and without any contributory negligence on the part of Plaintiffs.

    **WHEREFORE**, Plaintiff demands Judgment as follows:

        A. Actual and compensable damages,

        B. Punitive damages,

        C. Attorney's fees and costs of suit,

D. Such future physical and emotional damages and all past, present and future medical and related expenses for the physical and emotional health of Plaintiffs,

D. Such further relief as the court deems property.

## COUNT TWO

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1. The Plaintiff repeats and reiterates each allegation contained in each Paragraph above as if fully set forth herein.

2. At all relevant times, Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -15 (Fictitiously named defendants); their agents, servants, employees and/or contractors had a duty to prevent Plaintiff from suffering mental distress, shock, fright, and the consequences thereof.

3. As set forth above, and for all the reasons set forth therein, Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations 1-5 (Fictitiously named defendants); their agents, servants, employees and/or contractors were careless, negligent and reckless.

4. As a result of the foregoing, Plaintiff sustained injuries and damages including great mental pain, severe anguish, distress of mind, nervous shock, and the impairment of peace and happiness.

5. The negligent actions Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -15 (Fictitiously named defendants); their agents, servants, employees and/or contractors as set forth in this Complaint, were the proximate cause of Plaintiff's injuries and damages.

6. The injuries and damages suffered by Plaintiff were caused in whole or in part by the negligence, carelessness and recklessness of Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations 1-5 (Fictitiously named defendants); their agents, servants, employees and/or contractors without any contributory negligence on the part of Plaintiff.

7. At all relevant times, Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -1-5 (Fictitiously named defendants); their agents, servants, employees and/or contractors knew or should have known that the Plaintiff wanted to participate in the decedent's funeral arrangements and to attend her mother's funeral and burial service.

8. The conduct Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -15

(Fictitiously named defendants); their agents, servants, employees and/or contractors was egregious and would shock the conscience of the community.

9. As a result of Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office;  Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -15 (Fictitiously named defendants); their agents, servants, employees and/or contractors and the foregoing egregious, wanton, willful and/or grossly negligent conduct, Plaintiff is entitled to punitive damages in a sum in excess of the jurisdictional limitations of all lower courts.

**WHEREFORE**, Plaintiff demands Judgment as follows:

    A. Actual and compensable damages,

    B. Punitive damages,

    C. Attorney's fees and costs of suit,

    D. Such future physical and emotional damages and all past, present and future medical and related expenses for the physical and emotional health of Plaintiffs,

    D. Such further relief as the court deems property.

## COUNT THREE

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1. The Plaintiff repeats and reiterates each allegation contained in each Paragraph above as if fully set forth herein.

2. As set forth above, and for all the reasons set forth in this Complaint, Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations -15 (fictitious defendants); acted in a reckless manner and disregarded the substantial probability of causing severe emotional distress to Plaintiff.

3. As a result of the foregoing, Plaintiff sustained injuries and damages including great mental pain, severe anguish, distress of mind, nervous shock, and the impairment of peace and happiness.

4. The foregoing reckless actions and extreme and outrageous conduct by Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations 1-5 (Fictitiously named defendants); their agents, servants, employees and/or contractors were the proximate cause of Plaintiff's injuries and damages.

5. The injuries and damages suffered by Plaintiff were caused in whole or in part by the negligence and carelessness of Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office; Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations 1-5 (Fictitiously named defendants); their agents, servants, employees and/or contractors and each of them, and without any contributory negligence on the part of Plaintiffs.

6. As a result of Defendants, Hudson County; Steve Krywinski; the Essex County Medical Examiner's Office;  Levandoski- Grillo Funeral Home; Holy Sepulchre Cemetery, John Does 1-5 and ABC Corporations 1-5 (Fictitiously named defendants); their agents, servants, employees and/or contractors' egregious, wanton, willful and/or grossly negligent conduct, Plaintiff is  entitled to punitive damages.

**WHEREFORE**, Plaintiff demands Judgment as follows:

A. Actual and compensable damages,

B. Punitive damages,

C. Attorney's fees and costs of suit,

D. Such future physical and emotional damages and all past, present and future medical and related expenses for the physical and emotional health of Plaintiffs,

D. Such further relief as the court deems property.

Dated: 3/2/22

**TERRY LAW GROUP, LLC**
409 Halsey Street
Newark, New Jersey 07102
Tel: (862) 576-8995
Fax: (866) 227-5349
By: /s/ Rasheedah Terry, Esq.
(023522004)
Attorney for Plaintiff

**JURY DEMAND:**

The Plaintiff demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: 3/2/22

**TERRY LAW GROUP, LLC**
409 Halsey Street
Newark, New Jersey 07102
Tel: (862) 576-8995
Fax: (866) 227-5349
By: /s/ Rasheedah Terry, Esq.
(023522004)
Attorney for Plaintiff
